# IN THE FAUQUIER CIRCUIT COURT OF VIRGINIA
## 20th Judicial Circuit of Virginia
### 29 Ashby Street, Warrenton, VA 20186-3202

RECEIVED
MAR 30 2021
ALEXANDRIA DIVISION
BANKRUPTCY COURT

| | | |
|---|---|---|
| **Deirdre Ann White**<br>9521 James Madison HWY,<br>Warrenton, VA 20167 | : | **Dreams Auto Warrenton, Inc.**<br>71 S. 5th St, Suite B,<br>Warrenton, VA 20186 |
| | : | Alva, Ivan E.<br>5908 Cove Landing Rd., Apt 204,<br>Burke, VA, 22015 |
| **Plaintiff** | : | **Defendants** |

Filed: 4/14/2020

Civil Action No: 061CL20000221500       Jury Trial Requested

## COMPLAINT

Plaintiffs Deidre Ann White, by counsel, hereby brings this action against Defendants Alva, Ivan E. and Dreams Auto Warrenton, Inc., for the actions specified herein-below.

### PARTIES

1. Plaintiff Deidre Ann White [hereinafter White] is a resident of Virginia with a residential address located at 9521 James Madison HWY, Warrenton, VA 20167.

2. Defendant Alva, Ivan E. [hereinafter Alva] is a resident of Virginia with a residential address of 5908 Cove Landing Rd., Apt 204, Burke, VA, 22015.

3. Dreams Auto Warrenton [hereinafter Dreams] is a Virginia company with a principal office located at 71 S. 5th St, Suite B, Warrenton, VA 20186, USA; and an entity ID 04383824. Its registered agent is Mr. Alva, Ivan E.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this complaint, and venue is properly laid to this Court pursuant to section 8.01-262(4) of the Virginia Code, because this forum is where the cause of action arose.

## STATEMENT OF RELEVANT FACTS

5. On or about November 26, 2019, White went to Dreams to shop for a vehicle

6. Alva was the sales person who showed available vehicles to White.

7. Alva solicited to White a 2005 Acura TL [hereinafter Acura] with a Vehicle Identification No. 19UUA66285A012362.

8. Alva informed White the Acura is in a very good condition without problems.

9. Alva informed White the Acura is very reliable.

10. Alva informed White the Acura has passed all safety inspections.

11. White purchased the Acura on November 26, 2019 and paid with credit card for $4,089.00 inclusive of vehicle price and processing fees.

12. On December 21, 2019, the Virginia Department of Motor Vehicles (DMV) informed White that it could not issue a title of the Acura to her due to defects of the title she received from Dreams and Alva.

13. Despite having paid the price of the Acura in full and having possession of the Acura, she could not obtain legal title of the vehicle.

14. Within days of the purchase of the Acura, the engine ran rough and stalls. The check engine light comes on, among other warning lights.

15. White took the Acura to an automotive mechanic. After running many diagnoses, the mechanic confirms there is an engine problem.

16. Upon removing casing to inspect the engine thermostat, it was discovered the entire open-and-shut-valve mechanism of the thermostat is removed. In essence, the thermostat features are removed. By so doing the engine is modified to operate without a thermostat and becomes unstable.

17. When a fully functioning thermostat is installed, the Acura would not start at all.

## Count I – Actual Fraud on Defective Engine

18. All paragraphs asserted above and below are incorporated herein with the same force and effect.

19. Alva and Dreams made a misrepresentation of a present and material fact that the Acura is in a good working condition and is a reliable vehicle.

20. Alva and Dreams knowingly and intentionally made this misrepresentation with the intent to mislead White to purchase the vehicle believing it is in a good working condition and is a reliable vehicle.

21. White reasonably relied upon the misrepresentation of Alva and Dreams and purchased the Acura.

22. White suffered loss in the purchase of the Acura because it has an engine problem that was intentionally concealed by replacing a functional thermostat with a dysfunctional thermostat.

23. Had a functional thermostat been in place, engine of the Acura would not start and the check-engine light and other warning lights would turn on to indicate the vehicle is in a bad condition and it is unreliable.

### Count II – Constructive Fraud on Defective Engine

24. All paragraphs asserted above and below are incorporated herein with the same force and effect.

25. Alva and Dreams made a misrepresentation of a present and material fact that the Acura is in a good working condition and it is a reliable vehicle.

26. Alva and Dreams innocently or negligently made this misrepresentation with the intent to induce White to rely on the misrepresentation so that she would purchase the vehicle believing it is in a good working condition and it is reliable.

27. White reasonably relied upon the misrepresentation of Alva and Dreams and purchased the Acura.

28. White suffered loss in the purchase of the Acura because it has an engine problem that was innocently or negligently concealed by replacing a functional thermostat by a dysfunctional thermostat.

29. Had a functional thermostat been in place, engine of the Acura would not start and the check-engine light and other warning lights would turn on to indicate the vehicle is in a bad condition and it is unreliable.

### Count III – Virginia Consumer Protection Act §59.1-200(6) – Misrepresenting Acura is Safe to Operate by the Presence of Virginia Safety Sticker

30. All paragraphs asserted above and below are incorporated herein with the same force and effect.

31. Alva and Dreams made a misrepresentation that the Acura is of 1) a good working condition and of 2) a safe to operate condition by presenting it for sale with a current Virginia safety inspection sticker.

32. The Acura is in fact in a bad condition because its engine would not start when a functional thermostat designed for the engine is installed intact.

33. The Acura is in fact in a bad condition because its engine could only start with a dysfunctional thermostat not designed for the engine.

### Count IV – Violation of the Consumer Protection Act (59.1-200(14)) – Using Deception in Connection with a Consumer Transaction

34. All paragraphs asserted above are incorporated herein with the same force and effect.

35. Using a deception, fraud, or misrepresentation to obtain a Virginia safety inspection sticker for a vehicle that otherwise could not past a Virginia safety inspection.

36. Using the Virginia safety inspection sticker as a deception, fraud or misrepresentation in connection with a consumer transaction of selling the vehicle to White.

### Count V – Virginia Consumer Protection Act §59.1-200(7) – Advertisement Without Disclosing Defective Engine

37. All paragraphs asserted above and below are incorporated herein with the same force and effect.

38. Alva and Dreams were advertising or offering for sale, to White, an Acura with a defective engine without clearly and unequivocally indicating in the advertisement or offer for sale that the Acura has a defective engine.

### Count VI – Violation of the Consumer Protection Act (59.1-200(14)) – Deceptive Concealment of Engine Problem in Connection with a Consumer Transaction

39. All paragraphs asserted above are incorporated herein with the same force and effect.

40. Using a deception, fraud, or misrepresentation by replacing a functional thermostat designed for the engine of the Acura with a modified dysfunctional thermostat to conceal engine problems in connection with a consumer transaction.

### Count VII – Violation of the Consumer Protection Act (59.1-200(14) – Deceptive Sales of a Vehicle Without the Ability to Convey Title

41. All paragraphs asserted above are incorporated herein with the same force and effect.

42. Alva and Dreams, by drafting and executing a Bill of Sale/Buyer's Order on the Acura, were using deception, fraud, false pretense, false promise or misrepresentation that they have lawful title and possession of the Acura, which is in connection with a consumer transaction.

43. Alva and Dreams made a false representation of a material fact to White they have lawful ownership of the Acura.

44. Alva and Dreams, by accepting payment from White for the purchase of the Acura, were using deception, fraud, false pretense, false promise or misrepresentation that they have lawful title and possession of the Acura, which is in connection with a consumer transaction.

### Damages

45. Plaintiff seeks damages in the amount of $15,000.00.

46. Compensatory damages

47. Consequential damages

48. Court cost

49. Litigation cost

50. Treble damages under 59.1-204(A).

51. Attorney fees under 59.1-204(B)

On behalf of Plaintiff,
Lau & Associates, LLC

Michael N. Lau
(Virginia Bar No. 72614)
703-637-0488 (Phone)
703-644-4303 (Fax)
Michael_Lau_@Yahoo.com
M-LAU@MICHAELNLAU.COM
WWW.MICHAELNLAU.COM

_____    4/14/2020
Deirdre Ann White           Date
Plaintiff

Original filed was signed at cthouse

## *Law Offices Of*
## LAU & ASSOCIATES, LLC.

10517 West Drive
Unit B
Fairfax, VA 22030, USA

703-637-0488

**Michael N. Lau**
Licensed in VA, DC, IL and US Patent
& Trademark Office

Federal Courts
-U.S. Supreme Court
-Court of Appeals of the Federal Circuit
-Fourth Circuit Court of Appeal
-U.S. District Court – Eastern & Western
Districts of Virginia

President of Government Intellectual
Property Law Association 2010-2012

Facsimile: 703-644-4303
Michael_Lau_@Yahoo.com

**BY HAND-DELIVERY**
MARCH 30, 2021

United States Bankruptcy Court-Eastern District of Virginia
200 South Washington Street, Room 100
Alexandria, VA 22314

## OBJECTION TO DISCHARGABLE DEBT

RE:   United States Bankruptcy Court Eastern District of Virginia
      Case No. 21-10325-BFK
      Chapter 7 Bankruptcy of Ivan Eduardo Alva

United States Bankruptcy Court:

This is an objection to discharge debt and/or to challenge whether Certain Debts are dischargeable.

Attached are:
1) a Complaint filed to Fauquier Circuit Court on April 14, 2020. The case caption is *Deirdre Ann White v. Dreams Auto Warrenton, Inc. & Ivan E. Alva*. It is a civil Action with a case no.: CL 20-215; and
2) a check in the amount of $350.00 for this filing.

This is a suit against Co-Defendant Ivan E. Alva, for fraud and misrepresentation in the selling of a vehicle to Deirdre White. Under 11 U.S.C. § 523(a)(4), *inter alia*, debts arise from fraud or defalcation are not dischargeable. Non-discharge of this debt is respectfully requested.

### Certificate of Delivery

The Undersigned certify a copy of this letter, complaint and Check No. 673, as of March 30, 2021, are hand-delivered to: United States Bankruptcy Court-Eastern District of Virginia, at 200 South Washington Street, Room 100, Alexandria, VA 22314

Very truly yours,

*[signature]*

Michael N. Lau
VSB 72614

1