**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re:<br>IVAN EDUARDO ALVA<br><br>Debtor | Case No.: 21-10325-BFK<br><br>Chapter 7 |

DIERDRE ANN WHITE

        Plaintiff

v.                                            Adversary Proceeding No. 21-01025

IVAN EDUARDO ALVA, Debtor

        Defendant.

**DEBTOR'S RESPONSE AND OPPOSITION TO**
**OBJECTION TO DISCHARGEABLE DEBT**
**MOTIONS TO DISMISS AND TO AWARD SANCTIONS**

The Debtor/Defendant, Ivan Eduardo Alva (the "Debtor"), by counsel, hereby files this Response and Opposition to the "Objection to Dischargeable Debt" (the "Objection" or "Complaint") filed by Michael N. Lau, Esquire, originally filed on behalf of his client, Deirdre Ann White (the "Plaintiff"), and later, on his own behalf, proceeding "*pro se*".  Additionally, the Debtor hereby moves to dismiss the said Complaint with prejudice, and prays for this Honorable Court to grant an award of sanctions under its inherent power and the authority granted to it by 11 U.S.C. §105(a), and in support of this opposition and these two motions he states as follows:

1. On February 26, 2021 the Debtor filed the instant Chapter 7 bankruptcy case in this Court.

John C. Morgan (VSB#30148)
New Day Legal, PLLC
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
Telephone (540) 349-3232
Counsel for the Debtor

2. A Section 341 meeting of creditors was scheduled and held on March 25, 2021. The Trustee, Donald F. King, has yet to issue his Report of No Distribution, but there do not appear to be assets to administer in this case.

3. More than a year before this case was filed, the Debtor was engaged in the business of selling used cars, operating under the incorporated name of Dreams Auto Warrenton, Inc. Conducting business on behalf of the corporation, the Debtor sold a used car to the Plaintiff, as alleged. The Plaintiff came to the dealership, having researched what she was looking for, and brought her mechanic with her on the test drive, who sat in the front seat with her while the Debtor sat in the back seat. Although the Plaintiff's driving was somewhat abusive for any test drive, the Plaintiff agreed to buy the car and paid for it with cash, not a credit card as alleged. She signed a standard sales disclosure that the car was being sold "as is".

4. On March 31, 2021 Michael N. Lau, Esquire (hereinafter "Mr. Lau"), filed a Complaint against the Debtor (the Objection) in this bankruptcy case, alleging *inter alia*, that the debt owed to his client, Dierdre Ann White, was non-dischargeable under Section 523(a)(4), which Bankruptcy Code section alleges "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." No specific allegations of this kind were made, but rather, as an exhibit, Mr. Lau attached his Virginia Circuit Court Complaint which alleged five (5) violations of the Virginia Consumer Protection Act, "Constructive Fraud on Defective Engine", and "Actual Fraud on Defective Engine". No such elements of fiduciary capacity, embezzlement or larceny were pled, specifically claimed, or referenced in any way by Mr. Lau.

5. Mr. Lau paid the $350.00 fee to initiate the Complaint as an Adversary Proceeding, and this case was opened as Case No. 21-01025.

6. On April 1, 2021 the Clerk issued an Inquiry/General Checksheet to Mr. Lau regarding Form or Process, indicating that the pleading was "Not accompanied by properly completed Official Form 1040, Adversary Proceeding Cover Sheet."  Then, an Initial Scheduling Order was issued on April 2, 2021 and a Summons and Notice of Pre-Trial Conference was issued on April 4, 2021, along with an Initial Scheduling Order [Dkts. 7 and 8].

7. On April 6, 2021 Mr. Lau filed an Adversary Proceeding Cover Sheet [Dkt. 9] that incorrectly states the bankruptcy case number, the District in which the case is pending and the name of the judge.  It appears to have been signed by the Plaintiff, Ms. White, but also by Mr. Lau with handwriting by Mr. Lau that said "attorney opposes discharge over attorney fees award by court".  It does not recite who the named Plaintiff and Defendant are.  On page 2 it incorrectly names the Debtor's (Defendant's) Attorney as himself (Mr. Lau) and incorrectly named the dischargeability code section again.  In addition, the "Cause of Action" recites that "Attorney Michael Lau need to protect his attorney fees."

8. On that same day the Clerk issued a Notice of Deficient Filing [Dkt. 10] to Mr. Lau, that "Counsel filing papers, suits or pleadings, or making an appearance, must be a member of the Bar of this Court or have a member of the Bar of this Court join in the pleading by endorsement." [LBR 2090-1(F)].

9. The Clerk also issued an Inquiry that the "Adversary Complaint was not accompanied by a properly completed Certificate Of Service." [Dkt. 13]

10. That same day, April 6, 2021, Mr. Lau filed a Certification Under Local Bankruptcy Rule 2090-1, certifying that "No attorney has prepared or assisted in the preparation of this document", but added, "I am an attorney but I am represent myself as *pro se*".  He signed this sworn declaration as a *pro se* party.  <u>He named himself as Plaintiff in the heading</u>. [Dkt. 14]

11. Mr. Lau then filed a duplicate of his incorrect Docket Number 9, filing it again as Docket Number 15, with no changes.

12. Then Mr. Lau filed a duplicate of his Docket Number 1 Complaint as Docket Number 16, with no changes, but alleged it in the docket entry that it was an "Amended Complaint against Deidre Ann White" (his own client).

13. The Clerk then filed, on the same day, another Inquiry regarding the Amended Complaint not having a Certificate of Service. [Dkt. 17]

14. For the third time, Mr. Lau filed an Adversary Proceeding Cover Sheet at Docket Number 20 that was identical to Dockets Numbered 9 and 15.

15. Then Mr. Lau filed an Amended Complaint, essentially identical to the original March 30, 2021 Complaint, still dated March 30, 2021, but with a certification called a "Certificate of Delivery" that he mailed a copy of this Objection to New Day Legal and to Donald F. King, Trustee on March 30, 2021. [Dkt. 16] No such mailing has yet been received by New Day Legal, and it is opined that none has been received by Donald F. King, either. In a call to Donald King, Mr. King was unable to verify this fact, but mentioned that he receives notices by ECF. On April 6, 2021, Mr. Lau also filed a document docketed as a "Certificate of Mailing" [Dkt. 18], but the document contains only photocopied envelopes and no certification of any kind. Three separate notices of returned mail intended for the Defendant have been filed by the Court. The Plaintiff (whoever she/he is) has not properly served this action.

16. Then, still on April 6, 2021, Mr. Lau filed another Certification Under Local Bankruptcy Rule 2090-1 that "under penalty of perjury" no attorney has prepared or assisted in the preparation of this document, but he added, "I am an attorney but I am represent myself as

pro se". He signed this sworn declaration as a *pro se* party. This document [Dkt. 22] was virtually unreadable.

17. On April 8, 2021 the Clerk issued another Summons and Notice of Pre-Trial Conference, a Notice of Deficient Filing that the document does not appear to be complete, and two Inquiries/General Checksheets reiterating Docket entries 13 and 17. These items are still deficient. The Clerk also issued another Initial Scheduling Order.

18. The claim asserted in the Circuit Court of Fauquier County was dismissed as to the Debtor since pursuing the claim would violate the stay. So, there is no award of attorney's fees against the Debtor for the Plaintiff, Mr. Lau, to "protect".

## **MOTION TO DISMISS**

19. Mr. Lau has violated the Local Bankruptcy Rules of the Eastern District of Virginia by filing papers, suits and pleadings, and also by making an appearance before this Court without first becoming a member of the Bar of this Court, or by having a member of the Bar of this Court join in any such filed pleadings by endorsement. [LBR 2090-1(F)].

20. Mr. Lau has alleged a cause of action pursuant to the Bankruptcy Code [11 U.S.C §523(a)(4)] alleging "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny", but he has recited no facts which give rise to such a fraud, defalcation or larceny, only that the Debtor sold his client a car that was defective.

21. Mr. Lau has signed pleadings under penalty of perjury that indicate that he is the Plaintiff in this matter, and that he is appearing *pro se* to protect his attorney's fees in the underlying case. This is certainly sanctionable conduct.

22. By affirmatively shifting the role of Plaintiff from his client to himself in order to obtain and protect an award of attorney's fees, Mr. Lau was clearly acting only in his own self-interests and not of his client's, which abrogated his duty to his client. He was trying to get around

Case 21-01025-BFK    Doc 30    Filed 05/06/21    Entered 05/06/21 09:30:58    Desc Main
Document      Page 6 of 7

Local Bankruptcy Rule 2090-1(F) by representing to this Court that he was proceeding as *pro se* party, when in fact he has no rights to the alleged underlying claim, neither in the Circuit Court of Fauquier County nor in this Court.

23. Mr. Lau has not complied with repeated requests of the Clerk in the form of Inquiry/General Checksheets to comply with the Local Rules of this Court. It is herein submitted that he did not mail copies of any pleadings to opposing counsel in this case, and by certifying that he did, he affirmatively violated the Rules of Professional Conduct governing attorney behavior in violation of Rules 3.3(a)(1), 4.1(a) and 8.4(c).

24. Every document filed by Mr. Lau in this action is deficient, nonsensical, in improper form, and/or false. Despite repeated notices of deficiency and inquiry issued by this Court, the Plaintiff has yet to file a proper Complaint intended for this Court or properly serve this action.

25. The Defendant has incurred substantial attorney's fees and costs in defending this bad-faith Adversary Proceeding, and he ought to be reimbursed for those expenses.

WHEREFORE, pursuant to the powers granted by 11 U.S.C. §105(a) the Debtor prays that this Honorable Court summarily deny the Plaintiff's Complaint styled as "Objection to Dischargeable Debt", dismiss this Adversary Complaint with prejudice, and award sanctions against Deirdre Ann White and her attorney Michael N. Lau, Esquire for violations of this Court's Local Bankruptcy Rules, misfeasance in the characterization of the alleged debt, failure to state a claim, bad faith, and violation(s) of the Virginia Rules of Professional Conduct.

Respectfully submitted this 6th day of May, 2021.

IVAN EDUARDO ALVA
By Counsel

NEW DAY LEGAL, PLLC

/s/ John C. Morgan
John C. Morgan, Esquire VSB # 30148
Suad Bektic, Esquire VSB # 90012
Scott W. Carpenter, Esquire VSB # 89057
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
(540) 349-3232
(FAX) 349-1278
jcm@jcmpllc.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I certify that I have, this 6th day of May, 2021, transmitted, via ECF or by regular mail, a true copy of the foregoing Response and Opposition to "Objection to Dischargeable Debt", Motion to Dismiss and Motion for an Award of Sanctions to:

Michael N. Lau, Esquire
10517 West Drive, Unit B
Fairfax, VA 22030
*Counsel for the Plaintiff*

Donald F. King, Chapter 7 Trustee
1775 Wiehle Avenue, Suite 400
Reston, VA 20190

Michael T. Freeman, Esquire
Assistant United States Trustee
On behalf of John P. Fitzgerald, III
United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

Ivan Eduardo Alva
5928 Cove Landing Road, Apt. 302
Burke, VA 22015
*Debtor/Defendant*

/s/ John C. Morgan
John C. Morgan, VSB # 30148