**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:

    IVAN EDUARDO ALVA

    Debtor

Case No.: 21-10325-BFK

Chapter 7

DIERDRE ANN WHITE and
MICHAEL N. LAU

    Plaintiff(s),

v.

IVAN EDUARDO ALVA, Debtor

    Defendant.

Adversary Proceeding No. 21-01025

## DEBTOR'S MOTIONS TO DISMISS AND TO ASSESS SANCTIONS

The Debtor/Defendant, Ivan Eduardo Alva (the "Debtor"), by counsel, hereby moves to dismiss with prejudice the "Objection to Dischargeable Debt" (the "Objection" or "Complaint") filed by Michael N. Lau, Esquire, originally filed on behalf of his client, Deirdre Ann White (the "Plaintiff"), and later, on his own behalf, proceeding "*pro se*". Additionally, the Debtor/Defendant hereby moves this Honorable Court to assess sanctions against the Plaintiff and her attorney, Michael N. Lau, under its inherent power and the authority granted to it by 11 U.S.C. §105(a), and in support of these two motions he states as follows:

John C. Morgan (VSB#30148)
New Day Legal, PLLC
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
Telephone (540) 349-3232
Counsel for the Debtor

1. The allegations and statements contained in the Debtor's Response in Opposition to Objection to Dischargeable Debt [Dkt. 37], filed on June 17, 2021, are reasserted and incorporated herein by reference.

2. On February 26, 2021 the Debtor filed the instant Chapter 7 bankruptcy case in this Court.

3. A Section 341 meeting of creditors was scheduled and held on March 25, 2021. The Trustee, Donald F. King, has yet to issue his Report of No Distribution, but there do not appear to be assets to administer in this case. A Discharge was issued by the Clerk on May 27, 2021.

4. More than a year before this case was filed, the Debtor was engaged in the business of selling used cars, operating under the incorporated name of Dreams Auto Warrenton, Inc. Conducting business on behalf of the corporation, the Debtor sold a used car to the Plaintiff, as alleged. The Plaintiff came to the dealership, having researched what she was looking for, and brought her mechanic with her on the test drive. The mechanic sat in the front seat with the Plaintiff, while the Debtor sat in the back seat for her test drive. Although the Plaintiff's driving was somewhat abusive for any test drive, the Plaintiff agreed to buy the car and paid for it with cash, not a credit card as alleged. She signed a standard agreement that the car was being sold "as is".

5. On March 31, 2021 Michael N. Lau, Esquire (hereinafter "Mr. Lau"), filed an Adversary Complaint against the Debtor (the Objection) in this bankruptcy case, alleging *inter alia*, that the debt owed to his client, Dierdre Ann White, was non-dischargeable under 11 U.S.C. § 523(a)(4), which Bankruptcy Code section refers to "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." No specific allegations of this kind were made in this one-page letter addressed to the Court, but rather, apparently as an exhibit, Mr. Lau attached his Virginia Circuit Court Complaint which alleged five (5) violations of the Virginia Consumer Protection Act, "Constructive Fraud on Defective Engine", and "Actual

Fraud on Defective Engine".  No such elements of fiduciary capacity, embezzlement or larceny were pled, specifically claimed, or referenced in any way by Mr. Lau against the Defendant.

6. Mr. Lau paid the $350.00 fee to initiate the Complaint as an Adversary Proceeding, and this case was opened as Case No. 21-01025.

7. On April 1, 2021 the Clerk issued an Inquiry/General Checksheet to Mr. Lau regarding Form or Process, indicating that the pleading was "Not accompanied by properly completed Official Form 1040, Adversary Proceeding Cover Sheet."  Then, an Initial Scheduling Order was issued on April 2, 2021 and a Summons and Notice of Pre-Trial Conference was issued on April 4, 2021, along with an Initial Scheduling Order [Dkts. 7 and 8].

8. On April 6, 2021 Mr. Lau filed a document which he described as an Adversary Proceeding Cover Sheet [Dkt. 9] that incorrectly states the bankruptcy case number, the District in which the case is pending and the name of the judge.  It appears to have been signed by the Plaintiff, Ms. White, but also by Mr. Lau with handwriting by Mr. Lau that says, "attorney opposes discharge over attorney fees award by court".  It does not recite who the named Plaintiff and Defendant are.  On page 2 it incorrectly names the Debtor's (Defendant's) Attorney as himself (Mr. Lau) and incorrectly cites the dischargeability code section as §523(a)(4).  In addition, the "Cause of Action" recites that "Attorney Michael Lau need [sic] to protect his attorney fees."

9. On that same day the Clerk issued a Notice of Deficient Filing [Dkt. 10] to Mr. Lau, that "Counsel filing papers, suits or pleadings, or making an appearance, must be a member of the Bar of this Court or have a member of the Bar of this Court join in the pleading by endorsement." [LBR 2090-1(F)].

10. The Clerk also issued an Inquiry that the "Adversary Complaint was not accompanied by a properly completed Certificate Of Service." [Dkt. 13]

11. That same day, April 6, 2021, Mr. Lau filed a Certification Under Local Bankruptcy Rule 2090-1, certifying that "No attorney has prepared or assisted in the preparation of this document", but added, "I am an attorney but I am represent [sic] myself as *pro se*". He signed this sworn declaration as a *pro se* party. <u>He named himself as Plaintiff in the heading</u>. [Dkt. 14]

12. Mr. Lau then filed a duplicate of his incorrect Docket Number 9, filing it again as Docket Number 15, with no changes.

13. Then Mr. Lau filed a duplicate of his Docket Number 1 one-page letter Complaint as Docket Number 16, with the only change being that he added Suad Bektic and Donald King to his type-written Certificate of Delivery. He alleged in the docket entry that this letter was an "Amended Complaint against Deidre Ann White", his own client.

14. The Clerk then filed, on the same day, another Inquiry regarding the Amended Complaint not having a Certificate of Service. [Dkt. 17]

15. For the third time, Mr. Lau filed an Adversary Proceeding Cover Sheet at Docket Number 20 that was identical to Dockets Numbered 9 and 15, except that it was missing the first page.

16. Then at Docket Number 21 Mr. Lau filed another Amended Complaint, essentially identical to the original March 30, 2021 Complaint, still dated March 30, 2021. The only change was to the "Certificate of Delivery" with the hand-written words "1st class mail to:" at the place where the type-written words had been previously that he mailed a copy of this Objection to Suad Bektic, New Day Legal and to Donald F. King, Trustee on March 30, 2021. No such mailing has yet been received by New Day Legal, and it is opined that none has been received by Donald F. King, either. In a call to Donald King, Mr. King was unable to verify

this fact, but mentioned that he receives notices by ECF. However, the two envelopes filed at Docket Number 18 are not a Certificate of Mailing. They are photocopies of envelopes without any kind of sworn declaration. Neither the Debtor/Defendant nor his counsel have received mail from Mr. Lau in spite of his multiple filings of multiple documents. The Plaintiff (whoever she/he is) has not properly served this action.

17. Then, still on April 6, 2021, Mr. Lau filed another Certification Under Local Bankruptcy Rule 2090-1 that "under penalty of perjury" no attorney has prepared or assisted in the preparation of this document, but he added, "I am an attorney but I am represent [sic] myself as pro se". He signed this sworn declaration as a *pro se* party. This document [Dkt. 22] was virtually unreadable.

18. On April 8, 2021 the Clerk issued another Summons and Notice of Pre-Trial Conference [Dkt. 23], a Notice of Deficient Filing that the document does not appear to be complete [Dkt. 24], and two Inquiries/General Checksheets reiterating Docket entries 13 and 17 [Dkts. 25 and 26]. These noted items are still deficient. The Clerk also issued another Initial Scheduling Order [Dkt. 27].

19. The claim asserted in the Circuit Court of Fauquier County was dismissed as to the Debtor since pursuing the claim would violate the stay. So, there is no award of attorney's fees against the Debtor/Defendant for the Plaintiff, Mr. Lau, to "protect".

20. Mr. Lau has violated the Local Bankruptcy Rules of the Eastern District of Virginia by filing papers, suits and pleadings, and also by making an appearance before this Court without first becoming a member of the Bar of this Court, or by having a member of the Bar of this Court join in any such filed pleadings by endorsement." [LBR 2090-1(F)].

21. Mr. Lau has alleged a cause of action pursuant to the Bankruptcy Code [11 U.S.C §523(a)(4)] alleging "fraud or defalcation while acting in a fiduciary capacity,

embezzlement, or larceny", but he has recited no facts which give rise to such a fraud, defalcation or larceny, only that the Debtor sold his client a car that was defective.

22. Mr. Lau has signed pleadings under penalty of perjury that indicate that he is the Plaintiff in this matter, and that he is appearing *pro se* to protect his attorney's fees in the underlying case. This is certainly sanctionable conduct.

23. By affirmatively shifting the role of Plaintiff from his client to himself in order to obtain and protect an award of attorney's fees, Mr. Lau was obviously acting only in his own self-interests and not of his client's, which clearly abrogated his duty to his client. He was trying to circumvent Local Bankruptcy Rule 2090-1(F) by saying to this Court that he was or is proceeding *pro se*.

24. Mr. Lau has not complied with repeated requests of the Clerk in the form of Inquiry/General Checksheets to comply with the Local Rules of this Court. It is herein submitted that he did not mail copies of any pleadings to opposing counsel in this case, and by certifying that he did, he affirmatively violated the Rules of Professional Conduct governing attorney behavior in violation of Rules 3.3(a)(1), 4.1(a) and 8.4(c).

25. The Debtor/Defendant has incurred significant expenses in defending this Adversary Proceeding, and those expenses continue to accrue.

WHEREFORE, pursuant to the powers granted by 11 U.S.C. §105(a) the Debtor prays that this Honorable Court summarily deny the Plaintiff's Complaint styled as "Objection to Dischargeable Debt", dismiss this Adversary Complaint with prejudice, and award sanctions against Deirdre Ann White and her attorney Michael N. Lau, Esquire for violations of this Court's Local Bankruptcy Rules, misfeasance in the characterization of the alleged debt, failure to state a claim, bad faith, and for violation of the Virginia Rules of Professional Conduct.

Respectfully submitted this 17th day of June, 2021.

>                                    IVAN EDUARDO ALVA
>                                    By Counsel

NEW DAY LEGAL, PLLC

/s/ John C. Morgan
John C. Morgan, Esquire VSB # 30148
Suad Bektic, Esquire VSB # 90012
Scott W. Carpenter, Esquire VSB # 89057
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
(540) 349-3232
(FAX) 888-612-0943
jcm@newdaylegal.com
*Counsel for the Debtor/Defendant*

## CERTIFICATE OF SERVICE

I certify that I have, this 17th day of June, 2021, transmitted, via ECF or by regular mail, a true copy of the foregoing Motions to Dismiss and to Assess Sanctions to:

Michael N. Lau, Esquire
10517 West Drive, Unit B
Fairfax, VA 22030
*Plaintiff/Counsel for the Plaintiff*

Deirdre Ann White
9521 James Madison Hwy
Warrenton, VA 20167
*Plaintiff*

Donald F. King, Chapter 7 Trustee
1775 Wiehle Avenue, Suite 400
Reston, VA 20190

Michael T. Freeman, Esquire
Assistant United States Trustee
On behalf of John P. Fitzgerald, III
United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

Ivan Eduardo Alva
5928 Cove Landing Road, Apt. 302
Burke, VA 22015
*Debtor/Defendant*

>                              /s/ John C. Morgan
>                              John C. Morgan, VSB # 30148